# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPHAT MUA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 14-2070** |
| | * | |
| **THE MARYLAND OFFICE OF THE** | * | |
| **ATTORNEY GENERAL et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

| | | |
|---|---|---|
| | * | |
| **JOSEPHAT MUA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 14-2334** |
| | * | |
| **THE O'NEAL FIRM LLP et al.** | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| | * | |
| **JOSEPHAT MUA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 15-2249** |
| | * | |
| **THE BOARD OF EDUCATION OF** | * | |
| **PRINCE GEORGE'S COUNTY et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION**

Josephat Mua, *pro se*, has brought three related suits that are the subject of this Opinion. These suits follow the Court's stay of Mua's prior suit brought pursuant to Title VI and Title VII of the Civil Rights Act of 1964, *Mua v. The Board of Prince George's County*, Civ. No. 11-1198-PJM ("*Mua I*"). In the three latter suits, *Mua v. The Maryland Office of the Attorney General et al.*, Civ. No. 14-2070-PJM ("*Mua II*"), *Mua v. The O'Neal Firm LLP et al.*, Civ. No. 14-2334 ("*Mua III*"), and *Mua v. The Board of Education of Prince George's County et al.*, Civ. No. 15-2249 ("*Mua IV*"), Mua asserts multiple claims against a total of nineteen Defendants that arise out of an alleged conspiracy to deny him justice following his termination from employment by the Prince George's County Public School System.[1]

Having reviewed the extensive pleadings in all three suits, the Court will **GRANT** Defendants' pending Motions to Dismiss and will **DISMISS** all the suits as to all Defendants. The Court finds that the Amended Complaints in *Mua II* and *Mua IV* fail to state a basis on which relief may be granted, and that it lacks subject matter jurisdiction over the claims in *Mua III* as to eleven Defendants. As to the two remaining Defendants in *Mua III*, the Association of Supervisory and Administrative School Personnel ("ASASP") and the Maryland State Education Association ("MSEA"), the Amended Complaint fails to state a claim for relief in regard to the federal claims, and the Court will decline supplemental jurisdiction over the remaining state law claims.

**I.**

In his three suits against nineteen Defendants, Mua asserts fifty-five claims and seeks

---

[1] The Court considers these three suits in one Opinion since they raise the same factual allegations and consist of significantly overlapping claims. The Court does not, however, grant Mua's pending Motion in *Mua I* to consolidate all four cases, which for reasons that will become clear, is **MOOT**. *See Mua I*, Pl.'s Mot. Consolidate, ECF No. 116.

damages in the tens of millions of dollars, as well as equitable relief.  *See Mua II*, Amend.

Compl., ECF No. 8; *Mua III*, Amend. Compl., ECF No. 7; *Mua IV*, Amend. Compl., ECF No. 4.

In *Mua II*, the Defendants are Prince George's County and the State of Maryland—

specifically the Maryland Office of the Attorney General, the Maryland State Department of

Education, and Maryland State Treasurer Nancy Kopp.

In *Mua III*, the Defendants include Mua's former counsel in proceedings related to his

termination: The O'Neal Firm, LLP; Sullivan, Talbott & Batt; Bryan Chapman, Esquire; RMA &

Associates, LLC; Robert E. Cappell, Esquire; and C. Sukari Hardnett, LLC, which has also been

sued under the name Hardnett & Associates.  Other Defendants in *Mua III* consist of opposing

counsel for the Board of Education of Prince George's County, Thatcher Law Firm and Pessin

Katz Law, P.A.; two unions, MSEA and ASASP; a private contractor providing court transcript

services, Bradford Associates; and, once again, the Maryland State Department of Education.

In *Mua IV*, the only Defendants remaining are two additional unions, American

Federation of State, County, and Municipal Employees, AFL-CIO ("AFSCME International")

and American Federation of State, County, Municipal Employees Local 2250 ("AFSCME Local

2250").[2]

In *Mua II*, against the State and County Defendants, Mua alleges violations of due

process rights under 42 U.S.C. § 1983, violations of Title VII of the Civil Rights Act of 1964,

conspiracy, fraud, racketeering, defamation, intentional infliction of emotional distress, and

abuse of process, among others.  *See Mua II*, Amend Compl., ECF No. 8.

---

[2] The complaint in each suit frequently references Defendants in one of the related suits, and even seeks
relief from Defendants who are not parties to that specific suit.  *See, e.g.*, *Mua II*, Amend. Compl. at 1–2,
ECF No. 8 (stating that suit is also brought against MSEA and seeks relief for violations by ACE-
AFSCME Local 2250 and AFSCME International).

In *Mua III*, Mua's claims overlap substantially with those made in *Mua II*, with Defendants purportedly participating in the same conspiracy, but the suit adds claims against unions MSEA and ASASP such as alleged violations of the duty of fair representation pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, as well as various tort and contract claims against all of Mua's former attorneys.  *See Mua III*, Amend Compl., ECF No. 7.

In *Mua IV*, following the Court's dismissal of the suit as to thirteen of the Defendants—most of whom were related in some way to the Board of Education of Prince George's County, Defendant in *Mua I*, the underlying Title VII suit—the Amended Complaint focuses primarily on Mua's claims against unions AFSCME Local 2250 and AFSCME International for purported violations of the duty of fair representation. *See Mua IV*, Memorandum Order, ECF No. 2; Amend. Compl., ECF No. 4.

## A.

The key background facts are as follows:[3]

Mua, who was born in Kenya, was employed as a fulltime teacher in the Prince George's County Public Schools ("PGCPS") from 2002 to 2007.  *Mua II*, Amend. Compl. ¶¶ 18–19.  In 2007, he moved to the position of IT Technician.  *Id.* ¶¶ 20, 26.  Because he was no longer a teacher, Mua's labor union membership changed from the Prince George's County Educator's Association (PGCEA) to AFSCME Local 2250, a union for support staff.  *Id.* ¶¶ 18–20 & 20 n.1. While employed as an IT technician, Mua states that he reported on activity in his school that he believed was illegal, including his belief that teachers were removing IT equipment and not returning it.  *See id.* ¶¶ 21–25, 27–28, 35–38.

---

[3] Given the extensive nature of the past litigation and voluminous pleadings associated with it, the Court has attempted to limit the factual summary to the essentials.

In 2009, Mua was transferred to the PGCPS Help Desk, another IT position at a different location. *Mua I,* Amend. Compl. ¶ 25, ECF No. 16.  He alleges that his supervisors at the Help Desk called him derogatory names based on his national origin.  *See id.* ¶¶ 27–46; *Mua II,* Amend. Compl. ¶ 41.  Then, in a letter dated March 24, 2010, he was notified by his supervisor of PGCPS's intent to terminate him.  *Mua I*, Amend. Compl. ¶ 51.  Mua filed a claim of retaliation and discrimination based on national origin against PGCPS with the EEOC on April 20, 2010.  *See id.* ¶ 52.  He was terminated from his position on June 18, 2010, based on what the letter described as "overall job performance."  *Mua II,* Amend. Compl. ¶ 48.  Mua asserts, however, that the real reason he was terminated was discrimination and retaliation.  *See Mua I,* Amend. Compl. ¶¶ 52, 64–66, 72–74.

Mua appealed his termination to the Board of Education for Prince George's County ("County Board") on June 30, 2010.  *Mua II,* Amend. Compl. ¶ 48.  Prior to the hearing before the County Board, PGCPS decided that the appeal fell under Maryland Education Code Section 6-202, which applies to teachers, *see id.* ¶ 50, instead of under Section 4-205(c) which applies to non-certificate positions including IT staff.  *See* Md. Code Ann. Educ. §§ 6-202, 4-205(c); *Mua II*, Pl.'s Status Report, Ex. 13, *Mua v. Prince George's Cnty. Pub. Schs.*, OAH No. MSDE-BE-01-12-32309, Proposed Ruling Mot. Summ. Decision (Md. Office of Admin. Hr'gs Nov. 26, 2012) ("OAH Proposed Ruling"), ECF No. 3-13; *Mua II*, Def.'s Mot. Dismiss, Ex. 3, *Mua v. Prince George's Cnty. Bd. of Educ.*, Op. No. 13-34, at 6  (Md. State Bd. of Educ. June 25, 2013) ("Md. State Bd. of Educ. Op."), ECF No. 13-7.[4]  Accordingly, on February 14, 2011, the appeal

_____

[4] A court may take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 2935 n.1, 92 L.Ed.2d 209 (1986); *Smith v. Washington Suburban Sanitary Comm'n*, No. DKC 12-0316, 2012 WL 4863399, at *4 n.4 (D. Md. Oct. 11, 2012) (taking judicial notice, as a "matter of public record," of the decision of the Maryland OAH upholding plaintiff's termination); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial

was referred to Hearing Officer Robert Troll, who held a hearing on the matter on several dates from July to October 2011.  *See* Md. State Bd. of Educ. Op. at 7; *Mua II*, Amend. Compl. ¶ 48. In a proposed decision issued January 19, 2012, Hearing Officer Troll concluded that Mua could appropriately be terminated for misconduct, insubordination, and incompetence.  *See* Md. State Bd. of Educ. Op. at 7.  On July 11, 2012, the County Board adopted the proposed decision to terminate Mua.  *Id.*

Mua appealed the decision of the County Board to the Maryland State Board of Education ("State Board"), which  referred the case to Administrative Law Judge Brian Zlotnick of the Maryland Office of Administrative Hearings ("OAH") for a "proposed ruling."  *See id.* at 7–8; OAH Proposed Ruling, ECF No. 3-13; *Mua II*, Amend. Compl. ¶ 51.  On November 26, 2012, ALJ Zlotnick issued a "Proposed Ruling on Motion for Summary Decision," finding that Mua should have been treated as a non-certificate employee under Maryland Education Code Section 4-205(c), which entitled him to an initial hearing within 30 days of the decision.  *See* OAH Proposed Ruling at 7–8.  Because the County Board failed to hold the hearing within 30 days, OAH found that it lacked jurisdiction over the appeal, but also concluded that Mua should be reinstated with back pay.  *See id.* at 8–9; *Mua II*, Amend. Compl. ¶ 51.  The County Board appealed the proposed decision to the State Board.  *See* Md. State Bd. of Educ. Op. at 8; *Mua II*, Amend. Compl. ¶ 52.

The State Board heard oral argument from Mua and counsel for the County Board on May 21, 2013; then, in a decision issued on June 25, 2013, it disagreed with OAH's determination and affirmed the County Board's decision to terminate Mua.  *See* Md. State Bd. of Educ. Op. at 8; *Mua II*, Amend. Compl. ¶ 59.  The State Board reasoned that Mua had in fact

notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation omitted).

been afforded greater due process rights under Section 6-202 than he would have received under Section 4-205(c), including the fact that the burden of proof was placed on PGCPS to justify the termination rather than on Mua to demonstrate the impropriety of the termination. Md. State Bd. of Educ. Op. at 9–10. While Section 6-202 did not provide for a hearing within 30 days, the State Board reasoned that, under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), and other cases, and given a number of extenuating circumstances, the delay of one year in holding a hearing was not unconstitutionally lengthy. *Id.* at 11–12.

Mua appealed the State Board's decision to the Circuit Court for Prince George's County, and when the Circuit Court affirmed the State Board on April 7, 2014, he appealed to the Maryland Court of Special Appeals, where the case is still pending. *See Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 13-18946 (Cir. Ct. Prince George's Cnty. Apr. 7, 2014) (order affirming State Board decision), *appeal docketed*, No. 0356, Sept. Term 2014 (Md. Ct. Spec. App.).

On November 27, 2012, Mua filed a complaint against AFSCME Local 2250 and AFSCME International with the Maryland Public Schools Labor Relations Board ("State Labor Relations Board"). *See Mua IV*, Pl.'s Resp. Opp'n Defs.' Mots. Dismiss at 4–5, ECF No. 20. According to the Amended Complaint in *Mua II*, the State Labor Relations Board issued a decision on May 29, 2013, finding against Mua, and denied his Motion for Reconsideration in late June 2013. *See Mua II*, Amend. Compl. ¶¶ 57–58. The decision of the State Labor Relations Board was upheld by the Circuit Court for Prince George's County at a hearing in January 2014, and Mua again sought recourse at the Maryland Court of Special Appeals, where the case is currently pending.[5] *See Mua IV*, Pl.'s Resp. Opp'n Defs.' Mots. Dismiss at 6; *Mua v.*

---

[5] Mua had previously filed at least one other suit against the unions, which was initiated on December 16, 2011 in the Circuit Court for Prince George's County (No. CAL 11-36992) and is discussed *infra*. *See*

*AFSCME AFL-CIO*, No. CAL 13-17138 (Cir. Ct. Prince George's Cnty, Jan. 3, 2014) (order affirming decision of State Labor Relations Board), *appeal docketed*, No. 02374, Sept. Term 2013 (Md. Ct. Spec. App.).

During the pendency of the administrative proceedings before the two State Boards and related appeals, Mua initiated a number of other proceedings in state and federal court.  On May 5, 2011, prior to the County Board's initial hearing on the termination decision, Mua, at the time represented by counsel, filed his first federal suit in this Court, *Mua v. Board of Education for Prince George's County*, Civ. No. 11-1998-PJM (*Mua I*), asserting claims of hostile work environment and retaliation under Title VI and Title VII of the Civil Rights Act of 1964, as well as a state-based claim for wrongful discharge.  *Mua I*, Amend. Compl., ECF No. 16.  Following a hearing on June 18, 2012, this Court dismissed the claim for wrongful discharge, but otherwise stayed the suit pending the resolution of the appeal of the County Board's termination decision. *See Mua I*, ECF Nos. 80, 81.

On December 16, 2011, after the initiation of *Mua I*, Mua brought a twenty-one count suit in the Circuit Court for Prince George's County against the County Board, individual Board members, and two unions, AFSCME Local 2250 and AFSCME International.  *See Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 11-36992 (Cir. Ct. Prince George's Cnty. July 15, 2013) (order dismissing all claims), *aff'd*, No. 1043, Sept. Term 2013 (Md. Ct. Spec. App. July 9, 2015) (unreported).  The two unions are also Defendants in *Mua IV* in this Court.  Mua's claims included, among others, breach of contract, conspiracy, defamation, violations of the Fourteenth Amendment, unjust enrichment, intentional infliction of emotional distress, and, as alleged against the unions specifically, violation of the duty of fair representation. The Circuit

---

*Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 11-36992 (Cir. Ct. Prince George's Cnty. July 15, 2013) (order dismissing all claims), *aff'd*, No. 1043, Sept. Term 2013 (Md. Ct. Spec. App. July 9, 2015) (unreported).

Court dismissed all claims with prejudice on July 15, 2013, *see id.*, and the Maryland Court of Special Appeals affirmed the dismissal on July 9, 2015. *See Mua IV*, Def.'s Mot. Dismiss, Ex. 1, *Mua v. Bd. of Educ. of Prince George's Cnty*, No. 1043, Sept. Term 2013 (Md. Ct. Spec. App. July 9, 2015) (unreported), ECF No. 16-2.[6]

Turning to the three suits that are presently before the Court:

On June 26, 2014, Mua, *pro se*, filed *Mua II* in this Court against the Maryland Office of the Attorney General, the Maryland State Board of Education, Prince George's County, and Maryland State Treasurer Nancy K. Kopp. In the suit, Mua alleges that the State and County Defendants, through conspiracy, fraud, violations of due process, and other illegalities, prevented him from achieving justice in his appeal of the termination decision, as well as in other proceedings. *See Mua II*, Amend. Compl., ECF No. 8.

On July 22, 2014, a few weeks later, *Mua III* was filed against thirteen Defendants including a number of Mua's former attorneys, counsel for the County Board, two unions, and, once again, the State Board. *Mua III,* Compl., ECF No. 1. *Mua III* alleges, among other claims, that the thirteen Defendants in the suit were part of the larger conspiracy alleged in *Mua II*, as evidenced, for example, by the unions' failure to provide him adequate representation, *see Mua*

---

[6] Mua filed at least three other suits against the County Board, two of which were consolidated. *See Mua v. Bd. of Educ. of Prince George's Cnty*, No. CAL 10-35277 (Cir. Ct. Prince George's Cnty. Apr. 1, 2011) (order granting joint motion to consolidate with No. CAL 10-30484); *Mua v. Bd. of Educ. of Prince George's Cnty*, No. CAL 10-30484 (Cir. Ct. Prince George's Cnty. Dec. 20, 2011) (granting Defendants' Motion for Summary Judgment), *aff'd*, No. 2250, Sept. Term 2011 (Md. Ct. Spec. App. Mar. 31, 2014) (unreported). After a complicated procedural history of adding and eliminating counts and Defendants, the Circuit Court granted summary judgment for the County Board on Mua's claims for defamation and false light/invasion of privacy. The decision was affirmed by the Maryland Court of Special Appeals. *See Mua III*, Def.'s Mot. Dismiss, Ex. 1, Mua *v. Bd. of Educ. of Prince George's Cnty*, No. 2250, Sept. Term 2011 (Md. Ct. Spec. App. March 31, 2014) (unreported), ECF No. 20-2. Mua also filed a claim for replevin against the County Board in the District Court for Prince George's County, which was dismissed. *See Mua v. Bd. of Educ. of Prince George's Cnty*, No. 0502-51887-2012 (Dist. Ct. Prince George's Cnty. Aug. 24, 2012) (judgment entered in favor of Defendant), *aff'd*, No. CAL 13-03801 (Cir. Ct. Prince George's Cnty. Oct. 31, 2013) (amended order affirming District Court).

*III*, Amend. Compl. ¶¶ 272–79, ECF No. 7, and his former attorneys' purported sabotage of his state, administrative, and federal proceedings. *See id.* ¶¶ 87–111, 113–15.

On July 30, 2015, Mua filed *Mua IV*, once again roping in the County Board, as well as a number of Board members, other individuals already sued in one of the federal cases, and the unions AFSCME Local 2250 and AFSCME International.  The Court dismissed that suit as to all but the two unions, which Mua had not yet sued in federal court. The Amended Complaint alleges employment-related claims against "Defendants," *see Mua IV*, Amend. Compl. ¶¶ 53–65, ECF No. 4, and the violation of the duty of fair representation by the unions. *See id.* ¶¶ 67–79.

## B.

The Court distills Mua's wide-ranging complaints as follows:

His overarching allegation is that the Defendants in the three suits—due to bias, fraud, and discrimination against him—acted in a conspiracy to prevent him from obtaining justice in the various proceedings related to the termination of his employment.

As to the State and County Defendants in *Mua II*, the Amended Complaint alleges a conspiracy to deny Mua justice in appealing the termination decision of the County Board. Specifically, he says, in response to the proposed decision of OAH to reinstate him with back pay, "Defendants through fraud and misconduct conspired to retract the award of [OAH] . . . in retaliation after Mua wrote an opinion criticizing the actions of Defendants" related to "political corruption . . . led by Prince George's County Executive Rushern Baker, [President of the State Board] Dr. Charlene Dukes, [Maryland State Superintendent] Dr. Lillian Lowery, Assistant Attorney General Jackie La Liandra and other conspirators."  *Mua II*, Amend. Compl. at 5–6. He also alleges that the State Board chose to reject the decision of the OAH in retaliation for the fact that he assisted County Executive Baker by testifying the Maryland Senate, which he later

discovered to be a "dishonest set up between Mr. Baker and Maryland State officials" to "defraud" PGCPS. *Id.* ¶ 62.

Mua submits that he asked Dr. Dukes to recuse herself from the State Board with regard to his appeal, because, among other reasons, she is a "close friend of County Executive Mr. Rushern Baker." *Id.* ¶¶ 55, 59, 65. Dr. Dukes, however, refused to recuse herself. *See id.* Mua also alleges that Dr. Lillian Lowery gave him less than 10 minutes to present his case, but allowed the attorney for the County Board to present her argument after being late to the proceedings. *Id.* ¶ 61. Mua further states that the State Board "changed the classification from § 6-202 to § 4-205 in order to prejudice [him]." *Id.* ¶ 59. Dr. Dukes, he says, at the "beckoning of Mr. Baker conspired to reverse the decision of the [OAH]." *Id.* ¶ 65.

Mua believes his "case was dismissed in a suspicious manner," *id.* ¶ 67, citing all the reasons stated previously, as well as the following: the fact that he had shared with Defendants and County Executive Baker his complaint in *Mua I* and his complaint in a case in Circuit Court for Prince George's County (No. CAL 11-36992), *id.* ¶ 67; his refusal to agree to County Executive Baker's request that he "do something illegal involving [political] opponents," *id.* ¶ 69; the "causal connection" between the timing of State Board decision, the State Labor Relations Board decision, and the dismissal of a related case of Mua's in the Circuit Court for Prince George's County (No. CAL 11-36992), *id.* ¶¶ 57–59, 70, all these among other reasons.

Mua goes on:

He asserts that Defendants committed fraud in the appeal of the State Board decision to the Circuit Court for Prince George's County. *See id.* ¶ 78. On September 25, 2013, "Defendant Maryland State Board of Education committed fraud by submitting a partial record and false affidavits" to the Circuit Court. *Id.* Missing documents were "found around December 20,

2013, having been intentionally hidden." *Id.* ¶¶ 83–84.  In separate case against the County Board for replevin (No. CAL 13-03801), "two files disappeared" but "were never recovered." *Id.* ¶ 84.  He alleges documents were also missing in a third case, in which the Circuit Court affirmed the decision of the State Labor Relations Board.  *Id.* ¶ 87; *see Mua v. AFSCME AFL-CIO*, No. CAL 13-17138 (Cir. Ct. Prince George's Cnty, Jan. 3, 2014) (order affirming State Labor Relations Board).  Although Mua notes that the Circuit Court in the latter case determined that "all the documents were there," he claims he was nevertheless denied his right to due process.  Amend. Compl. ¶ 87.  Further, on January 10, 2014, Mua sent a letter to PGCPS CEO Dr. Kevin Maxwell, on which County Executive Baker was copied, that requested help in getting copies of the transcripts; but that same day, the Circuit Court denied Mua's pending motions in his appeal of the State Board decision.  *Id.* ¶¶ 88–89; *see Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 13-18946 (Cir. Ct. Prince George's Cnty. Jan. 10, 2014) (order granting State Board's Motion to Quash Subpoenas and denying all other pending motions).  He asserts these two events have a "causal connection."  Amend. Compl. ¶ 90.

   *Mua III* alleges that the conspiracy Mua sees extends throughout various other state and federal proceedings and includes the County Board's counsel—particularly Defendant Thatcher Law Firm—as well as six of Mua's former attorneys or their law firms.  *See, e.g.*, *Mua III*, Amend. Compl. at 5–6.

   He says that the Ardra O'Neal of the O'Neal Firm LLP, who purportedly represented him from July 27, 2011 to September 12, 2011, led him to believe that she could practice law in the State of Maryland but actually had to be admitted *pro hac vice*.  *See id.* ¶¶ 23, 27–29.  She was "admonished" by the Prince George's Circuit Court at a September 2, 2011 hearing for "her gross negligence," after which the judge dismissed his claims in *Mua v. Board of Education for*

*Prince George's County*, No. CAL 10-30484.  *See id.* ¶¶ 23, 29, 48–49; *Mua v. Bd. of Educ. for Prince George's Cnty*, No. CAL 10-30484 (Cir. Ct. Prince George's Cnty. Sept. 2, 2011) (order granting Defendant's Motion to Dismiss without prejudice and giving Mua leave to file an amended complaint).

Mua goes on to say that Ms. O'Neal "ma[de] up false bills totaling up to $14,646.54," *id.* ¶ 76, and then, on August 26, 2013, the same day he warned the State Board of his suit in federal court, she initiated a "malicious lawsuit" against him in small claims court in the District of Columbia, *id.* ¶ 100, and did this "at the beckoning of Defendant Thatcher Law Firm, Defendant Maryland State Department of Education and other conspirators including the Maryland Office of the Attorney General with the view to defeat justice in Maryland federal court."  *See id.* ¶¶ 101, 177–92.  Mua alleges that the five other attorney Defendants participated in the conspiracy with the State and County Defendants, and, as a result, committed various fraudulent or negligent acts in the course of representing him in the proceedings.  *See, e.g., id.* ¶¶ 87–111, 113–15.

Finally, Mua alleges that Defendant unions in these suits, among other things, were involved in changing his classification from an IT Technician to a teacher in order to deny him union legal representation in the proceedings.  *See Mua II*, Amend. Compl. ¶ 5.  The Amended Complaint in *Mua IV* specifically alleges that AFSCME Local 2250 "declare[d] Plaintiff Mr. Mua was not a member of the union after his employer declared him a member of another union."  *Mua IV*, ECF No. 4 ¶ 74.  In addition, says Mua, "AFSCME International promised to provide support for administrative hearing but did not follow through in their promise due to discrimination."  *Id.* ¶ 51.  MSEA "has a memorandum with ACE-AFSCME Local 2250 to provide legal assistance to members."  *Mua III*, Amend. Compl. ¶ 11.  However, the "union

lawyer of MSEA" engaged in "fraud and misconduct" by "joining forces with Thatcher Law Firm and other Defendants to defeat justice by withdrawing grievances from arbitration . . . ." *Id.*[7]

Defendants have moved to dismiss in all three suits. In *Mua II*, the State and County Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), argue that most of Mua's claims are barred by immunity, and that the Amended Complaint otherwise fails to state a claim. *See Mua II*, Defs.' Mots. Dismiss, ECF Nos. 11, 12, 13. In *Mua III*, Defendants have asserted under Rule 12(b)(1) that the Court should dismiss the suit for lack of subject matter jurisdiction, given that the Amended Complaint fails to allege a proper federal question and the parties are non-diverse, and that, pursuant to Rule 12(b)(6), the allegations fail to state a claim. *See Mua III*, Defs.' Mots. Dismiss, ECF Nos. 10, 14, 20, 22, 28, 32, 35, 38, 48, 98. Finally, in *Mua IV*, AFSCME International and AFSCME Local 2250 have move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims are barred by *res judicata* or otherwise fail to state a claim for relief. *See Mua IV*, Defs.' Mots. Dismiss, ECF Nos. 16, 17.

## II.

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). If the "well-pleaded facts do not permit the court

---

[7] Damon Felton, Esquire, on behalf of Mua, moved to hold the arbitration in abeyance on August 10, 2010, according to a letter filed as an exhibit by Mua in *Mua I*, as well as the procedural background provided in the State Board Opinion. *Mua I*, Pl.'s Resp. Opp'n Def.'s Mot. Dismiss, Ex. NNNN, Confirmation Letter from American Arbitration Association, ECF No. 98-153; *Mua II*, Md. State Bd. of Educ. Op. at 5, ECF No. 13-7.

to infer more than the mere possibility of misconduct," *id.* at 679, the complaint has not shown that "'the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Whether a complaint adequately states a claim for relief is normally judged under Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Twombly*, 550 U.S. at 555. However, when pleadings allege fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under the heightened pleading standard of Rule 9(b), "[t]hese circumstances are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted).

A plaintiff proceeding *pro se* is entitled to have his complaint construed liberally, but this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). While the facts alleged in Plaintiffs' complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted). Furthermore, the Court may also take judicial notice of docket entries, pleadings, and papers in other cases without converting a motion to dismiss into a motion for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 2935 n.1, 92 L.Ed.2d 209 (1986)).

## A.

In *Mua II*, the Amended Complaint sets forth twenty-two counts, including: Count 1 - Deprivation of Constitutional Rights, 42 U.S.C. § 1983; Count 2 – Violation of Maryland

Constitution Articles 24 and 26; Count 3 – Invasion of Privacy, False Light; Count 4 – Defamation; Counts 5, 6, 7, 8 – Discrimination and Retaliation under Titles VI and VII; Count 9 – Intentional Infliction of Emotional Distress; Counts 10, 11, 12, 15, 19 – Conspiracy and Racketeering; Counts 13, 14, 21 – Fraud and Constructive Fraud; Count 16 – Violation of Md. Code Ann. State Gov't § 20-1001 *et seq.*; Count 17 – Violation of Prince George's Cnty. Code, div. 12, § 2-185 *et seq.*; Count 18 – Negligence; Count 20 – False Representation; and Count 22 – Abuse of Process.

As an initial matter, the Court finds that the Amended Complaint in *Mua II* fails to allege any claim whatsoever against Maryland State Treasure Nancy Kopp. Because there are no specific factual allegations against her in the entire fifty-page Amended Complaint, the Court will **GRANT** her Motion to Dismiss, ECF No. 11, and **DISMISS WITH PREJUDICE** all claims against her in this suit.

As to the remaining State and County Defendants, Mua brings six employment-related counts—Counts 5, 6, 7, 8, 16, and 17—alleging violations of Titles VI and VII, Md. Code Ann. State Gov't § 20-1001 *et seq.*, and Prince George's Cnty. Code, div. 12, § 2-185 *et seq.*  All six employment counts are causes of action for relief against an *employer*.[8]  Mua's employer, however, is the Board of Education of Prince George's County, which is not a party to this suit.[9]

Although the Amended Complaint alleges that Prince George's County became his employer "[a]fter the Prince George's County Government took over Board of Education for

---

[8] The Maryland Code prohibits discrimination by labor organizations in addition to employers—both of which are categories that are inapplicable to Defendants in *Mua II*.  *See* Md. Code Ann. State Gov't § 20-606.  To the extent that Mua has alleged some form of claim for discrimination against the State and County Defendants, rather than against his employer, the Court finds that he has failed to state a plausible claim for relief.

[9] Mua has already sued the Board of Education for Prince George's County for the Title VI and VII claims in *Mua I*, which has been stayed pending the resolution the appeals process of the County Board's decision to terminate him.

Prince George's County under HB 1107," *Mua II*, Amend. Compl. ¶ 8, the Court agrees with the County that this is an incorrect legal proposition. The County is a distinct legal entity from the County Board of Education,[10] which, as a creature of state law created by the General Assembly, is considered a state agency. *See* Md. Code Ann. Educ. § 3-1002; *Bd. of Educ. of Prince George's Cnty. v. Prince George's Cnty. Educators' Ass'n Inc.*, 309 Md. 85, 96 n.3, 552 A.2d 931 (Md. 1987) ("County boards of education are, of course, state agencies and not agencies of the county governments."); *Chesapeake Charter, Inc. v. Anne Arundel Cnty. Bd. of Educ.*, 358 Md. 129, 136, 747 A.2d 625 (Md. 2000) ("Although in terms of their composition, jurisdiction, funding, and focus, they clearly have a local flavor, the county school boards have consistently been regarded as State, rather than county, agencies.") (citing cases).

As Mua's employer—the County Board—is not a Defendant in this suit, the Court will **DISMISS WITH PREJUDICE** Counts 5, 6, 7, 8, 16, and 17.

## B.

In Count 1 of *Mua II*, Mua alleges a violation of his rights "guaranteed by the Fifth, Sixth, and Fourteenth Amendments" pursuant to 42 U.S.C. § 1983. Amend. Compl. ¶ 118.

Section 1983 provides for a cause of action against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (emphasis added). But as the State Defendants correctly assert, a state agency cannot be sued pursuant to Section 1983: a state agency is not

---

[10] HB 1107 added four new board member positions that are appointed by the County, so that, of the 14 County Board Members, the County Executive appoints three members and the County Council appoints one member. *See* An Act Concerning Prince George's County—School System—Academic Revitalization and Management Effectiveness Initiative, ch. 147, 2013 Md. Laws (codified as amended at Md. Code Ann. Educ. § 3-1002).

considered a "person" under the statute, and a state agency holds sovereign immunity from suit pursuant to the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."). Thus, the Amended Complaint fails to state a claim under Section 1983 against the Maryland State Department of Education and the Maryland Office of the Attorney General. Count 1 will be **DISMISSED WITH PREJUDICE** as to the State Defendants.

The Amended Complaint likewise fails to state a claim against the County. While "local government units . . . are not considered part of the State for Eleventh Amendment [immunity] purposes," their liability has been strictly limited by the U.S. Supreme Court. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54, 98 S. Ct. 2018, 2035 n.54, 56 L. Ed. 2d 611 (1978). Under Section 1983, a municipality is liable if "it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402 (4th Cir. 2014) *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 135 S. Ct. 1893, 191 L. Ed. 2d 762 (2015) (citing *Monell*, 436 U.S. at 694). The Court agrees with the County that the Amended Complaint fails to allege a plausible "custom, policy, or practice" through which County officials, such as County Executive Baker, violated Mua's constitutional rights, including in his termination hearing and appeal to the State Board. Again, this claim against the County goes out as **DISMISSED WITH PREJUDICE**.

Should Mua be given leave to further amend his complaint in order to bring claims against individual officials? The Court concludes that he should not. It would be futile to give

such leave, because the Amended Complaint ultimately fails to state a cause of action under

Section 1983.[11]  Mua's claims for monetary relief against State officials in their official capacity

remain barred by the Eleventh Amendment.  *See Lynn v. West*, 134 F.3d 582, 587 (4th Cir. 1998)

("'[W]hen the action is in essence one for the recovery of money from the state, the state is the

real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even

though individual officials are nominal defendants.'" (quoting *Ford Motor Co. v. Dep't of

Treasury of State of Indiana*, 323 U.S. 459, 464, 65 S. Ct. 347, 350, 89 L. Ed. 389 (1945))).[12]  In

addition, many of the alleged due process violations against the State Defendants actually dispute

the merits of the State Board decision rather than the process given.  *See Mathews v. Eldridge*,

424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of

due process is the opportunity to be heard at a meaningful time and in a meaningful manner.")

(internal quotation marks omitted).  Insofar as the Amended Complaint attempts to allege a

denial of *process*, Mua's assertions fail to rise to the level of plausible, rather than mere

conclusory, assertions.  For example, while he alleges that the State Defendants failed to transfer

the entire record on appeal to the Circuit Court, the judge in that case stated in an order dated

January 10, 2014 that "the court finds that the administrative record in this matter is complete."

*Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 13-18946 (Cir. Ct. Prince George's

Cnty. Jan. 10, 2014) (order granting State Board's Motion to Quash subpoenas).

The Court likewise finds that in Count 2 the Amended Complaint fails to state a due

process claim under Articles 24 and 26 of the Maryland Constitution. *See Dep't of Transp.,

Motor Vehicle Admin. v. Armacost*, 299 Md. 392, 415–16, 474 A.2d 191 (Md. 1984) ("The due

---

[11] If an amended complaint could not withstand a motion to dismiss, a motion to amend should be denied
as futile. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

[12] An additional hurdle for Mua's claims against individual officials is that the State Board members are
very likely protected by quasi-judicial immunity. *See Dukes v. Maryland*, No. CCB-11-876, 2011 WL
4500885, at *6–*7 (D. Md. Sept. 27, 2011).

process clauses of Article 24 of the Maryland Declaration of Rights and the Fourteenth Amendment to the federal constitution have the same meaning; and we have said that Supreme Court interpretations of the federal provision are authority for interpretation of Article 24.") (citation omitted).  Article 26 of the Maryland Constitution provides protection in the context of search or seizure and has no relevance whatsoever to Mua's employment history.

Accordingly, the Court will **DISMISS WITH PREJUDICE** Count 1, brought under 42 U.S.C. § 1983, and Count 2 brought under the Maryland Constitution, as to all Defendants sued therein.

## C.

The State Defendants offer number of arguments why the remaining state law claims should be dismissed, including sovereign immunity under the Eleventh Amendment, judicial immunity protecting the actions of the State Board, Mua's failure to comply with the Maryland Tort Claims Act ("MTCA"), State Gov't § 12-101 *et seq.*, and statute of limitations, among others.  *See* Def.'s Mot. Dismiss, ECF No. 13-1.  The County argues that it is immune from suits for common law torts, that Mua failed to comply in a timely fashion with the 180 day notice requirement of the Local Government Tort Claims Act ("LGTCA"), Md. Code. Ann. Cts. & Jud. Proc. § 5-301 *et seq.*, and that he has otherwise failed to state a claim.  *See* Def.'s Mot. Dismiss, ECF No. 12.

The Court concludes that the remaining state law claims are barred by the immunity of the Defendants or Mua's failure to comply with requirements of the MTCA and the LGTCA. More importantly, the Court finds that, after a detailed review of the facts alleged therein, the Amended Complaint has failed to state a plausible claim for relief as to any of these counts.

The thrust of Mua's allegations is that "Defendants through fraud and misconduct conspired to retract the award of [OAH] . . . in retaliation after Mr. Mua wrote an opinion criticizing the actions of Defendants" related to "political corruption," among other actions taken by Mua. *Mua II*, Amend. Compl. at 5. Defendants, actuated by a purportedly similar motive, thwarted Mua in other related proceedings, including his appeal of the State Board decision to the Circuit Court. *See id.* at 4–6. As to the County specifically, the Amended Complaint emphasizes a "causal connection" between interaction with County officials, such as County Executive Baker, and negative outcomes in various related proceedings. *See, e.g.*, *id.* ¶¶ 67–69, 90. For all of what is asserted, however, it is pellucidly clear that these amount to nothing more than "conclusory statements" that "do not permit the court to infer more than the mere possibility of misconduct." *See Iqbal*, 556 U.S. at 678–79. Nothing Mua asserts makes it plausible that Defendants engaged in conspiracy, racketeering, fraud, abuse of process, and various other tort claims alleged in connection with his termination of employment.

Accordingly, the Court will **DISMISS WITH PREJUDICE** all remaining state law claims as to all Defendants. *Mua II* is therefore dismissed in its entirety.

### III.

In *Mua III*, the Amended Complaint sets forth twenty-nine counts, including: Counts 1, 2, 21 – Fraud and Constructive Fraud; Count 3 – Breach of Fiduciary Duty; Counts 4, 15, 18, 19, 20, 22  – Negligent, False, and Intentional Misrepresentation; Counts 5, 6, 7, 28 – Conspiracy to Commit Fraud, Conspiracy to Defeat Justice; Count 8 – Negligence; Count 9 – Intentional Infliction of Emotional Distress; Count 10, 11 – Breach of Contract; Count 12, 14 – Tortious Interference with Business Relations; Count 13 – Unlawful Employment Practices under Prince George's Cnty. Code, div. 12, § 2-185 *et seq*.; Count 16 – Violation of Due Process Rights;

Count 17 – Breach of Contract/Lack of Fair Representation; Counts 23, 24 – Abuse of Process; Count 25 – Violation of LMRA § 301/Hybrid Action pursuant to 29 U.S.C. § 185; Count 26 – Violation of NRLA § 8(b)(1)(A), as amended 29 U.S.C. § 158; Count 27 – Violation of Due Process under LMRDA, 29 U.S.C. § 411(a)(1); Count 29 – Unjust Enrichment.

## A.

Defendants submit that, under Rule 12(b)(1), the Court should dismiss the suit for lack of subject matter jurisdiction, given that no proper federal question is alleged and the parties are non-diverse.  Alternatively, Defendants argue pursuant to Rule 12(b)(6) that the allegations fail to state a claim.

Federal courts are courts of limited subject matter jurisdiction: they "possess only the jurisdiction authorized them by the United States Constitution and by federal statute."  *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  Section 1331 of Title 28 provides for federal question jurisdiction, or "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded complaint rule, "federal question jurisdiction [does] not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint."  *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986).  Furthermore, the doctrine of substantiality "requires that a party assert a substantial federal claim," *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988), and bars federal claims "so attenuated and insubstantial as to be absolutely devoid of merit . . . [or] obviously frivolous."  *Id.* (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974)).  The plaintiff bears the

burden of proving that the district court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Court holds that it lacks subject matter jurisdiction over all claims against the eleven Defendants apart from the two unions, MSEA and ASASP, because no proper federal question appears on the face of the complaint.  As to those eleven Defendants, only one purported federal claim is alleged among the 29 counts: Count 16 – violation of due process rights under the Fourteenth Amendment.  However, the Fourteenth Amendment only protects individuals from state action; it does not apply the action of private individuals or entities.  "[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *United States v. Morrison*, 529 U.S. 598, 621, 120 S. Ct. 1740, 1756, 146 L. Ed. 2d 658 (2000) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 & n. 12, 68 S. Ct. 836, 92 L.Ed. 1161 (1948)).

All of the Defendants in *Mua III*, with the exception of the Maryland State Department of Education, are private individuals or entities.  Thus, Mua's federal claim of the denial of due process, Count 16, is obviously baseless.  Accordingly, Count 16 is **DISMISSED WITH PREJUDICE** as to all Defendants apart from the State Department of Education.

With no other federal claim alleged against the Defendants—with the exception of ASASP and MSEA—the Court finds that it lacks subject matter jurisdiction over the suit, and will therefore **GRANT** Defendants' Motions to Dismiss and **DISMISS WITHOUT PREJUDICE** the remaining state law claims as to the following Defendants: The O'Neal Firm, LLP; Sullivan, Talbott & Batt; Bryan Chapman, Esquire; RMA & Associates, LLC; Robert E.

Cappell, Esquire; C. Sukari Hardnett, LLC/Hardnett & Associates; Bradford Associates;[13] Thatcher Law Firm; and Pessin Katz Law, P.A.

With regard to the State Department of Education, the Court finds that the Amended Complaint also fails to allege any proper federal claim.[14]  As explained in the previous section discussing *Mua II*, in which the same due process violations were alleged, under the Eleventh Amendment state agencies have immunity against claims pursuant to 42 U.S.C. § 1983.  *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State . . . .").  Accordingly, Count 16 is **DISMISSED WITH PREJUDICE** as to the State Department of Education.  With no other federal claims asserted, the Court lacks subject matter jurisdiction over the suit against the State Department of Education, and therefore will **GRANT** its Motion to Dismiss and **DISMISS WITHOUT PREJUDICE** all remaining state law claims.

### B.

Two union Defendants remain, MSEA and ASASP.  As to them, the Amended Complaint alleges what appear to be five other federal causes of action under the National Labor Relations Act of 1935 ("NLRA"), 29 U.S.C. § 158(b)(1)(A), the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Labor Management Reporting and Disclosure Act of 1958 ("LMRDA"), 29 U.S.C. § 411(a).  The first four federal causes of action are variations of the

---

[13] As to the Bradford Associates, which has not answered the suit, and C. Sukari Hardnett LLC/Hardnett & Associates, which has moved for leave to file a Motion to Dismiss, ECF No. 94, the Court will *sua sponte* dismiss the claims against them for lack of subject matter jurisdiction.

[14] The Maryland State Department of Education has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction; Rule 12(b)(2), lack of personal jurisdiction; and Rule 12(b)(5), insufficient service of process.  *See* Def.'s Mot. Dismiss, ECF No. 98.  As a technical matter, it appears that the State Department of Education was not properly served, as the employee who signed for the certified mail was not designated to accept service of a complaint on the State.  *See* Def.'s Mot. Dismiss, Ex. 1, Osei Aff. ¶ 4, ECF No. 98-2.

same claims under the NLRA and the LMRA.  In Count 25, Mua asserts a so-called "hybrid 301" action under Section 301 the LMRA, 29 U.S.C. § 185—an amendment to the NLRA— which allows an employee to bring: (a) a claim for breach of contract against an employer for violating the collective bargaining agreement, and (b) a claim of breach of duty of fair representation against the union.  *See Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S. Ct. 2281, 76 L.Ed.2d 476 (1983)).  In Count 11 for breach of contract, Mua also alleges that MSEA violated Section 301 of the LMRA.  *See Mua III*, Amend Compl. ¶ 149.  In Count 17, the Amended Complaint likewise alleges a claim for "breach of contract/lack of fair representation," albeit without explicitly citing the LMRA or NLRA.  *See id.* ¶¶ 176–92.  In Count 26, Mua alleges that the unions violated Section 8(b)(1)(A) of the NLRA, 29 U.S.C. § 158(b)(1)(A), *see id.* ¶¶ 280–89, which provides that a labor organization may not "restrain or coerce . . . employees in the exercise of rights guaranteed in section 157 of this title," which include "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing" among other such rights.  29 U.S.C. §§ 157, 158(b)(1)(A).

The unions argue that these claims should be dismissed because the Amended Complaint has failed to state a claim.[15]  Specifically, MSEA asserts that the NLRA and the LMRA do not apply to public employees, such that Mua cannot pursue claims under these Acts.  *Mua III*, ECF No. 14 at 8–10.  The Court agrees.

It is well established that the duty of fair representation, as well as other rights and duties under the NLRA, do not extend to state employers or employees, who are not governed by the

---

[15] MSEA also moves to dismiss for lack of subject matter jurisdiction, Def.'s Mot. Dismiss, ECF No. 14, while ASASP moves, in the alternative, for summary judgment.  Def.s' Mot. Dismiss or Summ. J., ECF No. 32.

Act.   Pursuant to the "Definitions" section of the Act, "[t]he term 'employer' . . . shall not include the United States . . . or any State or political subdivision thereof . . . ."   29 U.S.C. § 152(2); *see N.L.R.B. v. Princeton Mem'l Hosp.*, 939 F.2d 174, 176–77 (4th Cir. 1991).   The definition of "employee" explicitly excludes anyone who is an employee of "an employer as herein defined."   29 U.S.C. § 152(3); *see Brown v. McClure*, No. ELH-12-3704, 2013 WL 4760970, at *5 (D. Md. Sept. 3, 2013) ("Because plaintiff's employer is an agency of Maryland State government, she does not qualify as an "employee" under the NLRA.").

Mua's employer, the Prince George's County Public School Board, is a state agency, as explained *supra* in Section II.A.   *See, e.g.*, *Lewis v. Bd. of Educ. of Talbot Cnty.*, 262 F. Supp. 2d 608, 614 (D. Md. 2003); *Bd. of Educ. of Prince George's Cnty. v. Prince George's Cnty. Educators' Ass'n*, 309 Md. 85, 95 n. 3, 522 A.2d 931 (Md. 1987) ("County boards of education are, of course, state agencies and not agencies of the county government.").   Because Mua was a state employee, he cannot bring claims against Defendants MSEA and ASASP pursuant to the NLRA or LMRA.    Accordingly, Counts 11, 17, 25, and 26 are **DISMISSED WITH PREJUDICE.**

In Count 27, the other federal claim against Defendants MSEA and ASASP, Mua alleges a violation of his due process rights under Section 101(a) of the LMRDA, 29 U.S.C. § 411(a)(1). Amend. Compl. ¶¶ 291–93.  Section 101(a) recognizes that members have statutorily protected rights within the union, including, in Section (a)(1), "equal rights and privileges . . . to nominate candidates, to vote in elections, or referendums of the labor organization, [and] to attend membership meetings . . . ."; in Section (a)(2), "the right to meet and assemble freely with other members; and to express any views, arguments, or opinions . . . ."; and, in Section (a)(5), that "[n]o member . . . may be fined, suspended, expelled, or otherwise disciplined . . . unless such

member has been . . . afforded a full and fair hearing" among other guarantees of fair process. 29 U.S.C. § 411(a); *see Trail v. Local 2850 UAW United Def. Workers of Am.*, 710 F.3d 541, 546 (4th Cir. 2013).   MSEA and ASASP suggest that the Amended Complaint has failed to state a claim within the meaning of this provision. Def.'s Mot. Dismiss at 12, ECF No. 14-1; Def.'s Mot. Dismiss, ECF No. 32.  Again, the Court agrees.

Count 27 makes no specific allegations against ASASP.  *See* Amend. Compl. ¶¶ 290–300.  As to MSEA, even assuming *arguendo* that the claim could survive the three year statute of limitations,[16] the Amended Complaint sets forth insufficient facts related to rights protected under Section 101(a).[17]  *See* 29 U.S.C. § 411(a).  Mua says only that "Defendants conspired to terminate [him] with malice and confiscate his teaching certificate and/or expel [him] by fiat," that he "was never given a fair hearing or appeal . . . except at [OAH]," and that "revoking the results of a legitimate administrative body" resulted in "loss of substantial rights protected by Section 411."  Amend. Compl. ¶¶ 299–300.  Not only is it unclear which Defendants are meant to be included in these claims, such assertions, to the extent they seek to allege a violation under Section 101(a), amount to no more than "mere conclusory statements."  *See Iqbal,* 556 U.S. at 678.  Accordingly, the Court will **DISMISS WITH PREJUDICE** Count 27 against MSEA and ASASP.

Since no federal claims remain, the Court **DECLINES** supplemental jurisdiction over the

---

[16] The Maryland three-year personal injury statute of limitations applies to claims under the LMRDA. *See Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 589 (D. Md. 2006) ("[S]tate personal injury statutes of limitations, and not the NLRA's six-month statute of limitations, [is] applicable to a claim brought under the Labor—Management Reporting and Disclosure Act . . . ." (citing *Reed v. United Transp. Union*, 488 U.S. 319, 324–25, 109 S. Ct. 621, 102 L.Ed.2d 665 (1989))).

[17] While the LMRDA does not apply to public employee unions, *see Wright v. Baltimore Teachers Union*, 369 F. Supp. 848, 854–55 (D. Md. 1974), mixed public/private unions may be subject to the LMRDA. *See Wildberger v. Am. Fed'n of Gov't Emps., AFL-CIO*, 86 F.3d 1188, 1192–93 (D.C. Cir. 1996). Although the Court has not been presented with sufficient facts to determine whether MSEA is a public union or a mixed union, even if the LMRDA does apply, the Amended Complaint has nevertheless failed to state a claim.

remaining state-based counts as to MSEA and ASASP, *see* 28 U.S.C. § 1367(c), and will

therefore **DISMISS WITHOUT PREJUDICE** those state claims as to those two Defendants.[18]

In sum, *Mua III* is dismissed in its entirety.

## IV.

Finally, there is *Mua IV*. The Amended Complaint alleges six counts against AFSCME

International and AFSCME Local 2250: Counts 2 and 3 – "Breach of Contract/Duty of Fair

Representation" and "Violation of ACE-AFSCME International Constitution and Bylaw"

pursuant to Section 301 of the LMRA, 29 U.S.C. § 185;  and Counts 1, 4, 5, 6[19] – Employment

discrimination, retaliation, and hostile work environment.  *See Mua IV*, Amend. Compl., ECF

No. 4.

AFSCME International and AFSCME Local 2250 have moved to dismiss *Mua IV* per

Rule 12(b)(6), on the grounds that the Amended Complaint fails to plead any causes of action as

to which relief may granted, while at the same time, at least some claims are barred by *res

judicata*.[20]  *See* Def.'s Mot. Dismiss, ECF No. 16; Def.'s Mot. Dismiss, ECF No. 17.

First, regarding Counts 1, 4, 5, and 6, the employment claims alleged pursuant to Title VI

and VII, the Court agrees with Defendants that Mua has failed to state a claim against the unions,

---

[18] Under 28 U.S.C. § 1367(c), the district court has discretion to decline to exercise supplemental jurisdiction over state law claims that remain when the federal claims that provided the basis for original jurisdiction have all been dismissed. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude [under Section 1367(c)] in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.").

[19] Because the Amended Complaint has labeled two different counts as "Count 4," the second "Count 4," "Unlawful Discrimination Based on Retaliation" will be referred to as "Count 6."  *See* Amend. Compl. ¶¶ 98–106.

[20] In Mua's Response in Opposition to the Motion to Dismiss, he states that one of the forms of relief he seeks is that the Court "reverse the [Public School Labor Relations Board's] decision and award relief to Mr. Mua. . . ."  Pl.'s Resp. Opp'n Defs.' Mot. Dismiss at 46, ECF No. 20.  As noted earlier, the State Labor Relations Board found in favor of AFSCME International and AFSCME Local 2250, and the Circuit Court for Prince George's County affirmed this decision. *See Mua v. AFSCME AFL-CIO*, No. CAL 13-17138 (Cir. Ct. Prince George's Cnty, Jan. 3, 2014) (order affirming decision of State Labor Relations Board), *appeal docketed*, No. 02374, Sept. Term 2013 (Md. Ct. Spec. App.).  Defendants, however, base their *res judicata* argument on another suit in the Circuit Court (No. CAL 11-36992).

since neither of them was his employer.  To the extent that those counts attempt to allege some type of claim against the two unions for discrimination or retaliation, the allegations are too vague and conclusory to state a plausible claim for relief.  Accordingly, as to AFSCME International and AFSCME Local 2250, Counts 1, 4, 5, and 6 are **DISMISSED WITH PREJUDICE.**

Second, AFSCME International has moved to dismiss on the ground that it is not liable for the actions of its local affiliates.  Def.'s Mot. Dismiss at 6–7, ECF No. 17-1; *see Sine v. Local No. 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir. 1984) ("Congress took care to construct a shield that limits an international union's legal responsibility for the acts of one of its locals.").  The Court agrees that the Amended Complaint fails to allege anything more than conclusory assertions that AFSCME International was involved with or in any way liable for the activities of Local 2250.

Finally, AFSCME Local 2250 has moved to dismiss Counts 2 and 3 on the grounds that the suit is barred by *res judicata*, given that the Circuit Court for Prince George's County previously dismissed Mua's claims that the unions violated the duty of fair representation.  *See* Def.'s Mot. Dismiss, ECF No. 16.  Once more, the Court agrees.

*Res judicata* provides grounds for dismissal if a defendant establishes "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action."  *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)) (quotation marks omitted).  A prior judgment will bar the re-litigation of not only "claims that were raised and fully litigated" but also "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the

prior proceeding." *Peugeot Motors of Am., Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (citation omitted).

Both Counts 2 and 3 are brought pursuant to Section 301 of LMRA, 29 U.S.C. § 185, *see* Amend. Compl. ¶¶ 68, 73, which as previously explained, allows for a hybrid action against the employer for breach of contract and against the union for breach of the duty of fair representation.  *See Thompson*, 276 F.3d at 656.  In *Mua v. Board of Education of Prince George's County*, No. CAL 11-36992, the Circuit Court dismissed all counts of the suit with prejudice, including claims for violation of the duty of fair representation against AFSCME International and AFSCME Local 2250.  *See Mua v. Bd. of Educ. for Prince George's Cnty.*, No. CAL 11-36992 (Cir. Ct. Prince George's Cnty. July 15, 2013) (order dismissing all claims).  The Maryland Court of Special Appeals affirmed the dismissal on July 9, 2015.  *See Mua IV*, Def.'s Mot. Dismiss, Ex. 1, *Mua v. Bd. of Educ. of Prince George's Cnty*, No. 1043, Sept. Term 2013 (Md. Ct. Spec. App. July 9, 2015) (unreported), ECF No. 16-2.

Since there was a prior decision on the merits that dismissed Mua's claims for breach of duty of fair representation against the two unions, Counts 2 and 3 are barred by *res judicata*. Any and all claims of this nature would be barred, given that the "grounds for, or defense to, recovery . . . were previously available" to him.  *See Peugeot* 892 F.2d at 359.  Accordingly, all counts in *Mua IV* are **DISMISSED WITH PREJUDICE** as to AFSCME International and AFSCME Local 2250.

## V.

Summing up:

In *Mua II,* all Defendants' Motions to Dismiss, ECF Nos. 11, 12, 13, are **GRANTED**, and all claims in the suit are **DISMISSED WITH PREJUDICE**.

In *Mua III*, the following Defendants' Motions to Dismiss for lack of subject matter are **GRANTED**, in that the federal claim in Count 16 is **DISMISSED WITH PREJUDICE** and all remaining state law claims are **DISMISSED WITHOUT PREJUDICE**: The O'Neal Firm, LLP; Sullivan, Talbott & Batt; Bryan Chapman, Esquire; RMA & Associates, LLC; Robert E. Cappell, Esquire; Thatcher Law Firm; Pessin Katz Law, P.A.; and the Maryland State Department of Education.  ECF Nos. 10, 20, 22, 28, 35, 38, 48, 98.

The Court *sua sponte* **DISMISSES WITH PREJUDICE** Count 16 and **DIMISSES WITHOUT PREJUDICE** all remaining state law claims for lack of subject matter jurisdiction as to the Bradford Associates and C. Sukari Hardnett LLC, which has also been sued under the name Hardnett & Associates.

Also in *Mua III*, the Motions to Dismiss of MSEA and ASASP, ECF Nos. 14, 32, are **GRANTED**, in that the federal claims under Counts 11, 16, 17, 25, 26, and 27 are **DISMISSED WITH PREJUDICE**, while the remaining state law claims are **DISMISSED WITHOUT PREJUDICE**, as the Court will decline supplemental jurisdiction over them.

In *Mua IV*, both Defendants' Motions to Dismiss, ECF Nos. 16, 17, are **GRANTED**, and all claims are **DISMISSED WITH PREJUDICE.**

More concisely, *Mua II*, *Mua III*, and *Mua IV* are dismissed in their entirety.

*Mua I*, which is really what has occasioned Mua's embrace of his far-fetched conspiracy theory, remains.[21]

---

[21] Mua should give very careful thought before filing any further litigation in connection with his employment-related grievances, as it is apparent that his multiple filings and re-filings, virtually all of which are groundless in law, have become extraordinarily vexatious and costly to multiple individuals and entities.

A separate Order will **ISSUE.**

_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2016**